IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

TANESSA NICOLE DOLLAR                                                          PLAINTIFF

v.                                    No. 4:18-CV-00009-KGB-JTK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                                DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Tanessa Dollar applied for social security disability benefits with an alleged onset date of April 17, 2015. (R. at 95). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 50). The Appeals Council denied her request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Dollar has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

I.      **The Commissioner's Decision**

The ALJ found that Dollar had the severe impairments of fibromyalgia and migraines. (R. at 45). The ALJ then found that Dollar's impairments left her with the residual functional capacity (RFC) to perform sedentary work except that she would be limited to simple, routine, or repetitive tasks involving only simple work-related decisions with few, if any, workplace changes, and no more than incidental contact with coworkers, supervisors, and the general public. (R. at 46). The RFC precluded Dollar's past relevant work. (R. at 130). However, a vocational expert (VE) testified that a person with Dollar's RFC could perform jobs such as document preparer or addresser. (R. at 49–50). The ALJ therefore held that Dollar was not disabled. (R. at 50).

## II. Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000).

Dollar argues that the ALJ failed to fully and fairly develop the record, failed to fully consider evidence detracting from his findings, failed to perform a proper credibility assessment, improperly weighed her treating physician's opinion, erred in the RFC determination, and failed to satisfy his burden at step five. As the undersigned finds that the ALJ failed to properly consider the evidence, it is not necessary to reach Dollar's other points.

An ALJ has a duty to ensure that the record contains evidence from a treating or examining physician addressing the particular impairments at issue. *Strongson v.*

*Barnhart*, 361 F.3d 1066, 1071-72 (8th Cir. 2004). In this case, the ALJ gave little weight to the opinion of Dollar's treating physician as well as the opinions of the State Agency consultants. (R. at 47–48). Without the benefit of a physician's opinions concerning Dollar's limitations, the ALJ only had his own assessment of the raw medical data to draw upon. It is not permissible for the ALJ to "play doctor," as the ALJ appears to have done here. *Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009). The ALJ himself noted that the medical record was small in this case. (R. at 89).

Additionally, the ALJ did not consider any of Dollar's alleged mental impairments. Dollar argues that the ALJ erred in failing to order a consultative examination regarding her mental impairments. The Commissioner argues that Dollar failed to properly allege mental impairments and that her mental impairments were not apparent during the application process. The undersigned must disagree. Dollar clearly alleged depressive disorder, anxiety, and panic disorder. (R. at 95). Furthermore, Dollar testified regarding her mental impairments before the ALJ. (R. at 75–76). While the Commissioner is correct that there is little in the way of medical records regarding Dollar's mental impairments, the ALJ certainly had enough notice to at least address the allegation of those impairments.

All these things considered, it is difficult to hold the record to be fully and fairly developed. The record does not contain sufficient evidence upon which to base a decision.

### III.     Recommended Disposition

The ALJ failed to fully and fairly develop the record. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and

REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to reconsider Dollar's RFC in light of all of her impairments.

Dated this 16th day of August, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE